TROY S. TESSEM, CA Bar No. 329967
    ttessem@foley.com
FOLEY & LARDNER LLP
555 S. FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.972.0065

WESLEY J. MARTINEZ, CA Bar No. 315496
    wmartinez@foley.com
FOLEY & LARDNER LLP
ONE INDEPENDENT DRIVE, SUITE 1300
JACKSONVILLE, FL 32202-5017
TELEPHONE: 904.359.2000
FACSIMILE: 904.359.8700

Attorneys for Defendants VISTANA SIGNATURE EXPERIENCES, INC.; MARRIOTT VACATIONS WORLDWIDE CORPORATION; and ANDREW LAWRENCE O'CONNELL, IV

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URI LITVAK, an individual, and MARIANNE LITVAK, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>VISTANA SIGNATURE EXPERIENCES, INC., a Delaware corporation; MARRIOTT VACATIONS WORLDWIDE CORPORATION, a Delaware corporation; and ANDREW LAWRENCE O'CONNELL, IV, an individual, and DOES 1 through 10,<br><br>    Defendants. | Case No. 8:24-cv-00139<br><br>**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446** |

DEFENDANTS' NOTICE OF REMOVAL
Case No. 8:24-cv-00139

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Vistana Signature Experiences, Inc. ("Vistana"), Marriott Vacations Worldwide Corporation, ("MVWC"), and Mr. Lawrence O'Connell ("Mr. O'Connell") (collectively the "Defendant") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby invokes this Court's jurisdiction and remove the above-captioned case, pending in the Superior Court of California, Orange County, Case No. 30-2023-01368331-CU-FR-CJC, to the United States District Court for the Central District of California on the following grounds:

## I.   PROCEDURAL HISTORY

1. On or about December 18, 2023, Plaintiffs Uri Litvak, Esq. and Marianne Litvak ("Plaintiffs") commenced an action (the "State Court Action"), *entitled Litvak et al., vs. Vistana Signature Experiences, Inc., et al*. Case No. 30-2023-01368331-CU-FR-CJC in the Superior Court of California, County of Orange (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A** to Amy Fitzpatrick's Declaration ("Fitzpatrick Decl.").

2. On December 22, 2023, Plaintiffs served Vistana, a Delaware corporation, through its registered agent for service of process, with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint received by Vistana is attached hereto. (*See* Fitzpatrick Decl. **Exhibit B)**.

3. On December 22, 2023, Plaintiffs served Defendant Andrew O'Connell, with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint received by Mr. O'Connell is attached hereto as **Exhibit C** to Troy S. Tessem's Declaration ("Tessem Decl.").

4. On December 31, 2023, Plaintiffs served Defendant MVWC, a Delaware corporation, with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint received by MVWC is attached hereto. (*See* Fitzpatrick's Decl. **Exhibit D)**.

5. Plaintiffs' Complaint is the initial pleading in this action that sets forth their claims for relief upon which this case is based. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days from the date on which Defendant first received the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

6. This action was not commenced in the State Court Action more than one year before the date of removal. *See* 28 U.S.C. § 1446(c)(1).

7. No previous notice of removal has been filed in this case.

8. The Complaint and Summons, which have been attached hereto as **Exhibits A , B, C,** and **D** pursuant to 28 U.S.C. § 1446(a), are all the process and pleadings filed in the State Court Action, and no hearings or other proceedings have taken place in this action to Defendant's knowledge. A copy of the State Court Action Docket is appended hereto as **Exhibit E**. (Tessem Decl. Exhibit E.)

9. Defendant files this Notice of Removal without conceding that Plaintiffs have pled claims upon which relief can be granted and without waiving any defenses to the claims asserted by Plaintiffs, or jurisdiction hereof. Defendants specifically reserves the right to assert, if applicable, any and all defenses enumerated in Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure.

## II. GROUNDS FOR REMOVAL

10. Under 28 U.S.C. § 1332(a)(1), United States District Courts have original jurisdiction over actions where (1) the matter in controversy exceeds the sum or value of $75,000 and (2) is between citizens of different States. Each of these requirements is satisfied here. *See* 28 U.S.C. § 1332(a)(1).

### A. There is Complete Diversity of Citizenship.

11. Complete diversity of citizenship exists between the named Plaintiffs and the named Defendants in this case.

12. Plaintiffs are and have been citizens of California at all times material to the Complaint, residing in Orange County, California. (*See* Exhibit A, ¶¶ 1-2). Further, Mr. Uri Litvak, Esq., is an attorney practicing in the State of California, and while Mr. Litvak maintains an active law license in the State of Florida, his associated address registered with the Florida State Bar is in Newport Beach, California. In addition, both Plaintiffs, Mr. and Mrs. Litvak provided addresses in the State of California when entering the contract that is the subject of the State Court Action. (*See* Fitzpatrick Decl. **Exhibit G**, at 1).

13. As alleged in the Complaint, MVWC and Vistana are both incorporated in the State of Delaware and maintain their Principal Place of Business in the State of Florida. (*See id.*, Exhibit A, ¶¶ 3-4) (*See* Decl. at lines 12-15). As to Defendant O'Connell, he is domiciled in the State of Florida and has been at all relevant times related hereto. (See Fitzpatrick Decl. at 17-23). Accordingly, Vistana and MVWC are each citizens of Delaware and Florida. (*See* 28 U.S.C. § 1332(c)(1))

**B.     The Amount in Controversy Requirement is Satisfied.**

14. For diversity jurisdiction to exist, the matter in controversy must exceed the sum or value of $75,000. (*See* 28 U.S.C. § 1332(a)).

15. In the Complaint, Plaintiffs allege damages exceeding $245,000.00 (*See* Exhibit A, ¶¶ 38-40, 49, 59-60, and 70) arising from claims against Defendants for alleged: (1) Fraudulent Misrepresentation; (2) Intentional Concealment; (3) Civil Theft pursuant to Cal. Pen. Code § 496(c); and (4) Unfair and Deceptive Trade Practices, pursuant to Cal. Bus. & Prof. §17200, *et seq*. (*See* Fitzpatrick Decl. **Exhibit A**). In addition, the subject contract, contains an agreed upon "purchase price" of $246,898.00, of which the dispute contests the validity and enforceability thereof. (*See* Fitzpatrick Decl. **Exhibit G**, at 2 § II).

16. The amount in controversy is an "estimate of the entire potential amount at stake in the litigation[.]" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022); *see also Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir.

1  2020) ("'Amount at stake' does not mean likely or probable liability; rather, it refers to

2  possible liability."). The amount in controversy includes "any result of the litigation,

3  excluding interests and costs, that entails a payment by the defendant." *Gonzales v.*

4  *CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016).

5        17. In cases in which the existence of diversity jurisdiction depends on the amount

6  in controversy, "[t]he district court may consider whether it is 'facially apparent' from the

7  complaint that the jurisdictional amount is in controversy." *Moreno v. Select Portfolio*

8  *Servicing, Inc.*, No. CV-F-10-503OWWSKO, 2010 WL 2525980, at *8 (E.D. Cal. June 23,

9  2010); *see also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) ("The

10 district court may consider whether it is 'facially apparent' from the complaint that the

11 jurisdictional amount is in controversy.").

12       18. The court must assume that the allegations of the complaint are true and that

13 a jury will return a complete verdict for the plaintiff. *Kenneth Rothschild Trust v. Morgan*

14 *Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

15       19. Plaintiffs' allegations stem from a contract, wherein the Plaintiffs purchased

16 $246,898.00 worth of Vacation Ownership Interests in the Flex Collection Vacation

17 Ownership Plan (*See* Fitzpatrick Decl. **Exhibit G**).

18       20. Plaintiffs' Complaint alleged that they "forfeited two fully paid-for Westin

19 Maui Villas (approximately $60,000.00 value) and pay[ed] an additional $185,000.00" to

20 Vistana for certain benefits desired by the Plaintiffs. (*See* Fitzpatrick Decl. **Exhibit A**, ¶

21 38e).

22       21. Plaintiffs paid a collective value of $246,898.00 because, according to

23 Plaintiffs, they desired to have "Titanium Status" and upgrades associated with their

24 "Titanium Status" but that Plaintiffs "were not immediately upgraded to permanent

25 Titanium Status." (*See* Fitzpatrick Decl. Exhibit A, ¶¶ 32-33). Further, once the Plaintiffs

26 received their desired Titanium Status, Plaintiffs allege that "[t]he Litvaks were not

27 guaranteed room upgrades at every stay in the Marriott network" and that the supposed

28 representations that they would receive immediate Titanium Status, which would inure in

guaranteed room upgrades at every stay, allegedly formed the basis for their inducement to tender $246,898.00 and enter the subject contract. (*See* Fitzpatrick Decl. **Exhibit A**, ¶¶ 36-28).

22.     In addition, Plaintiffs allege they were misled that they could use "1.3million bonus points" in addition to their paid-for ownership interest, anywhere within the Marriott network.  Plaintiffs allege that this representation was both false, and material to their contractual inducement, because the 1.3million bonus points "could only be used within the Vistana network (at 4-star properties like Westin and Sheraton)" and "could not be used at the Ritz Carlton, or any other 5-star property […]." (*See* Fitzpatrick Decl. **Exhibit A**, ¶¶ 28). Importantly, the Plaintiffs allege they have "no desire to stay" at the participating 4-star properties, available for use with the bonus points. (*See* Fitzpatrick Decl. Exhibit A, ¶¶ 45).

23.     Finally, the Plaintiffs allege, that the ownership interests they purchased, separate and apart from the bonus points they received, were represented to have a "certain value" or a "consistent currency value." Plaintiffs allege this representation was false. (*See* Fitzpatrick Decl. **Exhibit A**, ¶ 38). Despite certain contractual disclosures, (*See e.g.,* § I of **Exhibit G**, scheduling of assessments) the Plaintiffs alleged they were unaware that the maintenance fee for their ownership interests would cost them approximately $15,000.00 per year. (*See* Fitzpatrick Decl. **Exhibit A**, ¶25). Accordingly, Plaintiffs seek remedies in law and equity up to, and exceeding, the subject contractual value of $246,898.00.

## III.   NOTICE TO STATE COURT AND ADVERSE PARTY

24.     All adverse parties to this action have been provided with written notice of the filing of this removal, *see* 28 U.S.C. § 1446(d), as evidence by the attached Certificate of Service.  Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the clerk of the Superior Court for the State of California, County of Orange. Copies of this Notice of Removal are also being served on Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

//

**WHEREFORE**, the Defendants respectfully requests that this action be removed from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

Dated: January 22, 2024

**FOLEY & LARDNER LLP**
TROY S. TESSEM

By: _____
Troy S. Tessem
Attorneys for Defendants VISTANA SIGNATURE EXPERIENCES, INC.; MARRIOTT VACATIONS WORLDWIDE CORPORATION; and ANDREW LAWRENCE O'CONNELL, IV